Donald J. EUGENE, Appellant,

v.

Edward J. KLECKER, Winston Satran, William Broer, Edward Scheck and Neil Fahlsing, Appellees.

No. 80-1677.

United States Court of Appeals, Eighth Circuit.

Submitted Dec. 29, 1980.

Decided Dec. 31, 1980.

Donald J. Eugene, pro se.

Edwin F. Zuern, Sp. Asst. Atty. Gen., Bismarck, N. D., for appellees.

Before ROSS, STEPHENSON and ARNOLD, Circuit Judges.

PER CURIAM.

Donald J. Eugene, pro se, brought suit under 42 U.S.C. § 1983 against the Director

 

of Institutions for the State of North Dakota and officials of the North Dakota State Penitentiary, alleging that disciplinary procedures followed at the penitentiary violated his constitutional rights. The district court dismissed Eugene's complaint pursuant to Fed.R.Civ.P. 56 on the ground that there was no genuine issue of material fact. Eugene brings this appeal. We affirm.

Eugene alleges that he was denied due process in that he did not receive adequate notice of the disciplinary proceeding, that he was denied the right to confront and cross–examine his accusor, and that the denial of good time as a disciplinary measure violated his eighth amendment rights.

In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) the Supreme Court stated that in prison disciplinary proceedings an inmate's right to confront and cross–examine those furnishing evidence against him must be weighed against the need to maintain institutional safety and preserve correctional goals. *Id.* at 568, 94 S.Ct. at 2980. The Court held that while prison officials could provide an inmate with the opportunity to confront and cross–examine his accusors, due process did not, under the circumstances, require it. *Id.*

Eugene concedes in his petition that he received more than 24 hours advance notice of the disciplinary proceeding but he maintains that such notice was nevertheless inadequate. *Wolff* requires only that an inmate receive written notification of disciplinary proceedings no less than 24 hours before the commencement of such proceeding. *Wolff v. McDonnell, supra,* at 564, 94 S.Ct. at 2978.

Eugene contends that the loss of six days "good time" was cruel and unusual punishment in violation of his eighth

amendment rights. The district court found that "even under the standards articulated by the Supreme Court, the loss of such a privilege was neither cruel and unusual nor grossly disproportionate to the offense involved." We agree. It does not appear the loss of such a privilege can in any way be considered in conflict with eighth amendment standards. *See Gregg v. Georgia*, 428 U.S. 153, 173, 96 S.Ct. 2909, 2925, 49 L.Ed.2d 859 (1976).[1]

---

1. On June 3, 1980, the same day that summary judgment was entered, plaintiff filed a letter asking permission to amend his complaint with respect to a separate incident allegedly occurring on May 27, 1980. In that letter he alleged that in a separate proceedings he was given notice of one violation and found guilty of another.

This contention was not ruled upon by the district court. For that reason, this affirmance is without prejudice to appellant's right to institute a new action with regard to the second alleged violation.